JAMES P. C. SILVESTRI, ESQ.
Nevada Bar No. 3603
ALI R. IQBAL, ESQ.
Nevada Bar No. 15056
JOSE E. CARMONA, ESQ.
Nevada Bar No. 14494
**PYATT SILVESTRI**
7670 W. Lake Mead Blvd., Suite 250
Las Vegas, NV 89128
Tel: (702) 383-6000
Fax: (702) 477-0088
jsilvestri@pyattsilvestri.com
aiqbal@pyattsilvestri.com
jcarmona@pyattsilvestri.com

Attorneys for Plaintiff,
*AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY,<br><br>          Plaintiff,<br><br>vs.<br><br>KTP, LLC, HUY NGUYEN and CAT NGUYEN, DOES I through X; ROES I through X;<br><br>          Defendants. | CASE NO.: |

### COMPLAINT FOR DECLARATORY RELIEF
### (JURY DEMANDED)

COMES NOW, Plaintiff, AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY, by and through its attorneys of record, JAMES P. C. SILVESTRI, ESQ., ALI R. IQBAL, ESQ. and JOSE CARMONA, ESQ., of the law firm of PYATT SILVESTRI, and hereby alleges as follows:

**I.**

**JURISDICTION**

1.  Plaintiff, AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY (hereinafter referred to as "ANPAC") is a corporation incorporated under the laws of the State of Texas, having its principal place of business in the State of Texas and is

authorized and licensed to conduct business in the State of Nevada.

2. Based upon information and belief, Defendants KTP, LLC ("KTP") is and was a limited liability company licensed under the laws of the State of Nevada and operating in the State of Nevada.

3. Based upon information and belief, Defendants HUY NGUYEN and CAT NGUYEN (the "NGUYENS") are and were at times relevant hereto citizens of the State of Nevada.

4. Based upon information and belief, the NGUYENS are members of KTP LLC.

5. The Court has original jurisdiction over this matter under 28 U.S.C. §1332 as the action is between citizens of different states and the amount in controversy exceeds $75,000.00, not including interest and costs.

6. There exists a justiciable controversy between ANPAC and DEFENDANTS.

7. DOES I through X are other individuals or entities who have claims against any ANPAC policy for the claims described by Underlying Plaintiffs in the Underlying Action described below.

8. ROES I through X are other individuals and or business/corporate entities who seek coverage under policies issued by ANPAC for the claims made Underlying Plaintiffs in the Underlying Action, described below.

## II.

## UNDERLYING FACTS

9. ANPAC repeats and realleges the allegations contained in Paragraphs 1 through 8 above as though the same were set forth fully herein at length.

10. This matter arises out of a business transaction, namely the lease of real property located in Las Vegas, Nevada.

11. On or about May 16, 2018, Allecia, Sean and Annalisa Bellinger (hereafter referred to as "Underlying Plaintiffs") allegedly entered into a contract to lease a residential property (the "Subject Property") from DEFENDANT KTP, LLC.

12. After taking occupancy of the subject property, the Underlying Plaintiffs alleged

that they began to experience deteriorating health.

13. In July 2021, Underlying Plaintiffs allegedly noticed a leaking toilet. Underlying Plaintiffs informed DEFENDANTS of the leak and also allegedly told them of damage to the adjoining floor and baseboards. DEFENDANTS allegedly sent a repair person to fix the subject leak.

14. In March 2022, Allecia Bellenger's health allegedly worsened and she allegedly went to a hospital emergency room complaining of various health problems.

15. In July 2022, Allecia Bellenger was apparently re-admitted to the hospital with complaints of pain in her stomach and liver.

16. In November 2022, Allecia noticed other alleged water damage to the living room ceiling. She alleges that she notified the DEFENDANTS of this finding.

17. Underlying Plaintiffs further alleged that approximately two weeks later a shower spout detached from the wall. Thereafter, Underlying Plaintiffs allege that mold was discovered in the wall of the shower. Underlying Plaintiffs assert that the mold was long standing.

18. In December 2022, the Underlying Plaintiffs were instructed to test the Subject Property for mold. This was done in the same month, and the testing allegedly showed the presence of mold.

19. Underlying Plaintiffs allegedly, thereafter, vacated the Subject Property.

20. Underlying Plaintiffs now claim that they have long-standing health problems from the mold.

21. As a result, Underlying Plaintiffs brought suit against the DEFENDANTS for bodily injury and other damages, Clark County District Court Case No.: A-24-904963-C (the "Underlying Action"). In the Underlying Action, the Underlying Plaintiffs claim they suffered these bodily injuries and other damages as a result of defects in the Subject Property. The Underlying Plaintiffs have asserted claims for:

    a. Negligence

    b. Intentional Infliction of Emotional Distress

    c. Breach of Contract

   d. Breach of Implied Warranty of Habitability—Breach of NRS 118A

   e. Nuisance

22. In the Underlying Action, the Underlying Plaintiffs seek monetary damages, including punitive damages. They also seek costs, attorney fees, interest and other relief that is just and proper.

## III.

## THE ANPAC POLICIES

23. ANPAC repeats and realleges the allegations contained in Paragraphs 1 through 22 above as though the same were set forth fully herein at length.

24. At the time of the allegations asserted in the Underlying Action, ANPAC issued three relevant policies:

   a. Select Business Package Policy to KTP, LLC, Policy No. 2701x1969 (the "Business Policy"),
   b. Tenants Policy to Cathien T. Nguyen, Policy No. 27-H-435-6E6-3, and
   c. Personal Umbrella Policy to CAT-HEIN & HUY N. NGUYEN, Policy No. 27-U-930-00L-5 (the "Umbrella Policy").

25. The Business Policy Declarations defined the "Business Description" as "Rental Properties." The Subject Property, "8053 Dutch Villas St., Las Vegas NV, 89139-6288" is one of several business rental properties listed on Business Policy.

26. The Business Policy contains the following pertinent language:

**SECTION II – LIABILITY**

**A. Coverages**

**1. Business Liability**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" or any offense and settle any claim or "suit" that may result. But:

(1)   The amount we will pay for damages is limited as described in

Paragraph D. Liability And Medical Expenses Limits Of Insurance in Section II – Liability; and

(2) Our right and duty to defend end when we have used up the applicable Limit of Insurance in the payment of judgments or settlements or medical expenses.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Paragraph f. Coverage Extension – Supplementary Payments.

b. This insurance applies:

    (1) To "bodily injury" and "property damage" only if:

    (a) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    (b) The "bodily injury" or "property damage" occurs during the policy period; and

    (c) Prior to the policy period, no insured listed under Paragraph C.1. Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known before the policy period.

    (2) To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph C.1. Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of "bodily injury" or "property damage" after the end of the policy period.

d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph C.1. Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

    (1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

e. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

. . .

**B**. **Exclusions**

1. Applicable To Business Liability Coverage

This insurance does not apply to:

a. Expected Or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**C**. **Who Is An Insured**

1. If you are designated in the Declarations as:

a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

b. A partnership or joint venture, you are an insured. Your members, your partners and their spouses are also insureds, but only with respect to the conduct of your business.

c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

. . .

**F.  Liability And Medical Expenses Definitions**

. . .

1. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

. . .

13.     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

. . .

**FUNGI ENDORSEMENT-BP 05 77**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**FUNGI OR BACTERIA EXCLUSION (LIABILITY)**

This endorsement modifies insurance provided under the following:

**BUSINESSOWNERS COVERAGE FORM**

The following provisions are added to **Section II - Liability:**

A. The following exclusion is added to Paragraph B.1., Exclusions Applicable To Business Liability Coverage:

**t. Fungi Or Bacteria**

(1) "Bodily injury", "property damage" or "personal and advertising injury" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

(2) Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption.

B. The following definition is added Paragraph F. Liability And Medical Expenses Definitions:

1. "Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or by-products produced or released by fungi.

27. The Tenants Policy named Cathien T. Nguyen as the Named Insured.

28. The Tenants Policy contains the following pertinent language:

**DEFINITIONS**

As used in this policy, the words "you" and "your" are to refer to the person or persons shown in the **Declarations** as the "named insured" and

includes the "named insured's" spouse or domestic partner if a resident of the same household. The Company providing this insurance is referred to as "we," "us," and "our". Certain words and phrases are defined as follows:

. . .

2. **"Bodily injury"** means injury to the body of a human being, including sickness, disease, or death which results from the injury.

3. **"Business"** or **"business pursuits"** includes:

    a.    trade, profession, or occupation (which includes **farming);**
    b.    home day-care services (which includes one or more persons in your care at any one time, for which you receive any compensation); and
    c.    any other activity, whether full time or part time, performed for money or compensation of any kind in excess of $2,000 in gross annual revenue.

The following are not considered **business pursuits:**

    (1)    mutual exchange of home day-care services for which you receive no compensation;
    (2)    a volunteer activity, but only if no **insured** receives any compensation other than the reimbursement of expenses incurred to perform the activity; or
    (3)    a hobby or other activity, not included in 3a or 3b above, for which no **insured** has received money or compensation of any kind in excess of more than $2,000 in gross annual revenue.

. . .

7. **"Fungus"** means any type or form of **fungus,** including mold, mildew, mycotoxins, spores, scents, or byproducts produced or released by fungi.

. . .

9. **"Insured"** means you and the following residents of your household:

    a.    your relatives;
    b.    any other person under the age of 21 who is in the care of any person named above.

Under Section II, **"insured"** also means:

    c.    with respect to animals or watercraft to which this policy applies, any person or organization legally responsible for these animals or watercraft which are owned by you or any person included in 10a or 10b. A person or organization using or having custody of these animals or watercraft in the course of any

Pyatt Silvestri
7670 W. Lake Mead Blvd.,
Suite 250
Las Vegas, Nevada 89128
(702) 383-6000

**business,** or without permission of the owner is not an **insured;** and

d.   with respect to any vehicle to which this policy applies, any person while engaged in your employment or the employment of any person included in 10a or 10b.

. . .

13. This definition applies to Section II only:

**"occurrence,"** when used in Section II of this policy, means an accident, including exposure to conditions, which results in:

a.   **bodily injury;** or
b.   **property damage;**

during the policy period. Repeated or continuous exposure to substantially the same general conditions is considered to be one **occurrence.** The originating incident must occur during the policy period for coverage to exist.

14. **"Pollutants"** means contaminants that are solid, liquid, gaseous, or thermal irritants including, but not limited to, toxic chemicals, acids, alkalis, fumes, soot, vapors, smoke, and waste. Waste includes materials to be recycled, reconditioned, or reclaimed.

15. **"Property damage"** means physical injury to or destruction of tangible property, including loss of use of this property.

16. **"Punitive or exemplary damages"** are damages which may be imposed to punish a wrongdoer and to deter others from similar conduct.
. . .

## SECTION II - LIABILITY COVERAGES

**COVERAGE E - PERSONAL LIABILITY**

We will pay up to our **limit of liability** for **bodily injury** or **property damage** that an **insured** is legally obligated to pay resulting from an **occurrence** covered by this policy.

We will pay for and provide a defense by counsel of our choice. We will investigate and settle any claim or suit at our discretion. Our obligation to provide a defense ends when the amount we pay for damages resulting from the **occurrence** equals our **limit of liability.**
. . .

## SECTION II - EXCLUSIONS

**1.   Coverage   E   —   Personal   Liability   and   Coverage   F   —   Medical**

Case 2:25-cv-01052-GMN-NJK   Document 1   Filed 06/13/25   Page 10 of 17

**Payments to Others** do not apply to **bodily injury** or **property damage**:

a.  which is caused intentionally by or at the direction of any **insured** even if the resulting injury or damage is different than expected or intended. This includes any liability for negligent supervision or statutorily imposed vicarious parental liability for the actions of a child or a minor.

This exclusion shall not apply to an intentional act arising out of any **insured's** use of lawful force to protect persons or property;

b.  arising out of **business pursuits** of any **insured** or the rental or holding for rental of any part of any premises by an **insured.**
This exclusion does not apply to:

   (1) activities which are ordinarily incident to **non-business pursuits;**
   (2) the rental or holding for rental of a residence of yours:

      (a)  on an occasional basis for the exclusive use as a residence;
      (b)  in part, unless intended for use as a residence by more than two roomers or boarders; or
      (c)  in part, as an office, school, studio, or private garage; or

(3) Coverage **E** for the occasional or part-time **business pursuits** of any self-employed **insured who** is **19** years of age or younger;

   . . .

f.  arising out of any act or omission of any **insured** as an officer or member of the board of directors of any corporation or other organization, except the acts of an unpaid volunteer director, officer, or trustee of a religious, charitable, or non-profit organization;

   . . .

h.  arising out of the use of any location which is not an insured location and which is owned by or rented to any insured;

   . . .

q.  arising out of, caused by, contributed to, aggravated by, or resulting from (whether directly or indirectly):

   **(1)** fungus;
   **(2)** rust, corrosion, wear and tear, deterioration or other characteristic or quality in the property that causes it to degenerate, damage, destroy, or consume itself;
   **(3)** condensation, dampness of atmosphere, extremes of temperature; or
   **(4)** pollution or contamination.

This exclusion includes:

(a) the cost of testing, monitoring, abating, mitigating, removing, remediating or disposing of any of the causes or conditions listed in items (1) through **(4)** above;
(b) any supervision, instruction, disclosures, or failure to disclose, recommendations, warnings, or advice given, or which allegedly should have been given, in connection with **bodily injury** or **property damage** arising out of, resulting from, caused by, contributed to, or aggravated by, whether directly or indirectly, any of the causes or conditions listed in items (1) through (4) above; and
(c) any obligation to share liability with or repay damages to another who must pay damages because of **bodily injury** or **property damage** of the type described in this exclusion.

This exclusion applies regardless of any other cause that contributed directly or indirectly, concurrently or in any sequence to the **bodily injury** or **property damage;**

. . .

2. **Coverage E — Personal Liability,** does not apply to:

. . .

g. **punitive or exemplary damages;**
h. liability imposed upon any **insured** by any governmental authority resulting from, consisting of, arising out of, or in any way caused by:

**(1) fungus;**
**(2)** rust, corrosion, wear and tear, deterioration or other characteristic or quality in the property that causes it to degenerate, damage, destroy, or consume itself;
**(3)** condensation, dampness of atmosphere, extremes of temperature; or
**(4)** pollution or contamination;

29. The Personal Umbrella Policy insured "CAT-HIEN & HUY N NGUYEN."

30. The Personal Umbrella Policy contains the following pertinent language:

**DEFINITIONS USED THROUGHOUT THIS POLICY**
Throughout this policy, bolded words and phrases are defined as follows:

1. "Insured" means:

   a. you or a relative;

b. any person under age 21 who is in the care of any person named above;

. . .

6. "Business" or "Business Pursuits" includes:

a. trade, profession, or occupation; and

b. home day-care services (which includes one or more persons in your care at any one time, for which you receive any compensation). The following are not considered business pursuits:

(1) mutual exchange of home day-care services for which you receive no compensation; or

(2) providing home day-care for a relative.

7. "Business Property" means property used in conjunction with a business.

. . .

11. "Fungus" means any type or form of fungus, including mold, mildew, mycotoxins, spores, scents or byproducts produced or released by fungi.

12. "Liability exposure" means the risk of, or exposure to loss which arises out of the ownership, maintenance or use of property or vehicles, and the risk of or exposure to loss

. . .

16. "Occurrence" means an event or series of related events that unexpectedly and unintentionally causes bodily injury or property damage during the policy term.

. . .

21. "Primary Insurance" means the policies, coverages, and limits listed on the Declarations, Section II.

. . .

23. "Punitive or Exemplary Damages" are damages which may be imposed to punish a wrongdoer and to deter others from similar conduct.

. . .

26. "Retained Limit" means the limits of liability in the schedule of primary insurance requirements as shown on Section II of your

Declarations.

27. "Schedule of Primary Insurance Requirements" means the limits and coverage of underlying insurance that are required for this policy to apply.

. . .

32. "You" and "your" mean the named insured shown in the Declarations and spouse if living in the same household.

. . .

**COVERAGE**

We will pay damages for which an insured person becomes legally liable because of bodily injury and property damage resulting from a loss:

1. in excess of the retained limit; and

2. to which your primary insurance applies.

Our coverage is no broader than the primary insurance except for our limit of liability.

. . .

**EXCLUSIONS**

We do not provide coverage for:

1. any loss resulting from acts which are expected or intended by an insured even if the actual injury or damage is different than expected or intended. This exclusion does not apply to bodily injury resulting from a legal act committed to protect persons or property.

. . .

5. any loss for punitive or exemplary damages or the cost of defense related to such damages.

. . .

7. any loss arising out of the ownership, maintenance, or use of property unless coverage is provided by primary insurance shown in the Declarations. Our coverage is no broader than the primary insurance except for our limit of liability.

. . .

8. any **loss** arising out of **business pursuits** or **business property,** or the ownership, maintenance or use of **business property** of an **insured.**

. . .

    11. any loss caused by an act or omission of an insured as an officer or member of a corporation's board of directors.  This exclusion does not apply if the corporation:

        a.    was formed as a not-for-profit corporation; and

        b.    does not involve your business.

. . .

    23. any loss arising out of, caused by, contributed to, aggravated by or resulting from (whether directly or indirectly):

        a.    fungus;

    24. any loss arising out of liability imposed upon any insured by any governmental authority resulting from, consisting of, arising out of or in any way caused by:

        a.    fungus;

31.    In addition, a "Notice" was provided to the DEFENDANTS which states:

**POLICY NOTICE**

**FUNGI OR BACTERIA ADVISORY NOTICE TO POLICYHOLDERS**

**When Fungi or Bacteria Exclusion, BP 05 77, is attached to your policy.**

Your policy restricts coverage to exclude bodily injury, property damage and personal and advertising injury from the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of or presence of fungi or bacteria. Coverage is also restricted to exclude clean-up costs associated with fungi and bacteria.

This exclusion does not apply to any fungi or bacteria that are, are on, or are contained in a good or product intended for bodily consumption.

## IV.

## **DECLARATORY RELIEF**

32.    ANPAC repeats and realleges the allegations contained in Paragraphs 1 through 31 above as though the same were set forth fully herein at length.

33.    Defendants, KTP, LLC and the NGUYENS have requested that ANPAC provide them with a defense and indemnity under the Policies for the claims asserted by the Underlying Plaintiffs in their Complaint filed in the Underlying Action.

34. ANPAC comes now before this Court and seeks Declaratory Relief under 28 U.S.C. §2201, F.R.C.P. 57, and N.R.S. Chapter 30. There exists a justiciable controversy under the Policies between ANPAC and the DEFENDANTS, arising out of ANPAC's obligations pursuant to the Policies and the Underlying Litigation.

35. ANPAC has issued a Reservation of Rights to DEFENDANTS asserting that there is no coverage under the Policies for indemnity and defense for the claims asserted by the Underlying Plaintiffs in the Underlying Action.

36. As part of the Reservation of Rights, ANPAC is providing a defense, pending the outcome of this action for Declaratory Judgment.

37. The Policies specifically provide liability coverage for "occurrences," only, causing bodily injury or property damage. The Policies specifically exclude coverage for intentional acts. As for any claims in the Underlying Action which do not assert an "occurrence" or which assert intentional acts, the Policies do not provide coverage for such.

38. Further, the Policies specifically exclude coverage for liability claims related to the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, or arising out of, caused by, contributed to, aggravated by or resulting from, whether directly or indirectly, fungus. The "Fungi Exclusions" also exclude coverage for "the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, 'fungi.'" Therefore, for any claims in the Underlying Action asserting or claiming damages relating to fungi or bacteria as excluded by the Policies, the Policies do not provide coverage for such.

39. Further, the Policies specifically exclude coverage for claims of punitive or exemplary damages. Therefore, for any claim in the Underlying Action asserting claims seeking punitive damages, the Policies do not provide coverage for such.

40. Further, the Tenants Policy and the Umbrella Policy exclude coverage for claims arising out of business pursuits or business property. The Subject Property was a business property and the lease of such was a business pursuit. Therefore, neither the Tenants Policy nor

Pyatt Silvestri
7670 W. Lake Mead Blvd., Suite 250
Las Vegas, Nevada 89128
(702) 383-6000

the Umbrella Policy provide coverage for any claim the in the Underlying Action arising out of the lease of the Subject Property.

41. Further, the Tenants Policy and the Umbrella Policy exclude coverage for acts which arise any act or omission by an insured as a member of any corporation or other organization. Therefore, there is no coverage for the NGUYENS for any claim the in the Underlying Action arising out of any liability attributed to KTP LLC

42. Further, KTP LLC is not an insured under either the Tenants Policy or the Umbrella Policy. Therefore, KTP LLC has no insurance coverage for any claim made in the Underlying Action under either the Tenants Policy or the Umbrella Policy.

43. There is no coverage under the Policies for the causes of action asserted in the Complaint filed in the Underlying Action.

44. The Policies either do not provide coverage or exclude coverage to the DEFENDANTS for the causes of action in the complaint filed in the Underlying Action.

45. ANPAC is not responsible for providing indemnification nor defense to KTP, LLC and/or HUY NGUYEN and CAT NGUYEN for the causes of action in the complaint filed in the Underlying Action.

46. ANPAC is entitled to reimbursement from KTP, LLC and HUY NGUYEN AND CAT NGUYEN for all defense costs related to the defense provided by ANPAC to KTP, LLC and HUY NGUYEN AND CAT NGUYEN in the Underlying Action.

47. ANPAC is entitled to a declaration by this Court that ANPAC has no obligations to KTP, LLC and HUY NGUYEN AND CAT NGUYEN for defense, indemnification nor any other benefits afforded under the Policies related to any of the causes of action asserted in the Underlying Action.

**WHEREFORE**, Plaintiff respectfully asks that the Court:

1. Declare the rights of the Parties under the Policies;

2. Declare that ANPAC has no obligations under the Policies for any and all claims arising out of the Underlying Action to DEFENDANTS;

3. Declare that ANPAC has no duty to defend DEFENDANTS for any actions

arising out of the Underlying Action, or any derivative lawsuit.

      4.      Declare that ANPAC has no duty to indemnify DEFENDANTS for any claims arising out of the Underlying Action, or any derivative lawsuit.

      5.      Declare that ANPAC is entitled to reimbursement for all defense costs paid for the defense of KTP, LLC and HUY NGUYEN AND CAT NGUYEN in the Underlying Action.

      6.      Declare that ANPAC is entitled to attorney's fees and costs resulting from this suit; and

      7.      Declare that ANPAC is entitled to any other rights and/or relief as this Court might see fit.

DATED this 13th day of June, 2025.

**PYATT SILVESTRI**

/s/ James P. C. Silvestri
JAMES P. C. SILVESTRI, ESQ.
Nevada Bar No. 3603
ALI R. IQBAL, ESQ.
Nevada Bar No. 15056
JOSE E. CARMONA, ESQ.
Nevada Bar No. 14494
7670 W. Lake Mead Blvd., Suite 250
Las Vegas, NV 89128
Attorneys for Plaintiff,
*AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY*