**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY,<br>Plaintiff,<br>vs.<br>KTP, LLC, *et al.*,<br>Defendants. | Case No.: 2:25-cv-01052-GMN-NJK<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

Pending before the Court is the Motion to Dismiss, (ECF No. 19), or, in the alternative, Motion to Stay Case, (ECF No. 20), filed by Defendants KTP, LLC ("KTP"), Huy Nguyen, and Cat Nguyen (collectively, the "Defendants"). Plaintiff American National Property and Casualty Company ("ANPAC") filed a Response, (ECF No. 23), to which Defendants filed a Reply, (ECF No. 26).

For the reasons discussed below, the Court GRANTS the Motion to Dismiss without prejudice.

**I. <u>BACKGROUND</u>**

This case arises out of an underlying dispute regarding alleged mold exposure in a residential property owned and managed by Defendants. Allecia, Sean, and Annalisa Bellinger (the "Underlying Plaintiffs") were tenants to a property owned by Defendant KTP, with Huy and Cat Nguyen as its sole members. (Compl. ¶ 11, ECF No. 1); (Underlying Compl. ¶ 13, Ex. 1 to Resp., ECF No. 23). Shortly after taking occupancy of the property, Underlying Plaintiffs began experiencing a deterioration in health. (Underlying State Compl., Ex. 1 to Resp. at ¶ 22, ECF No. 23-1). Underlying Plaintiffs allege that they informed Defendants of a leak that had caused water damage to the floor and baseboards, but that no action was taken to mitigate the

water damage. (*Id.* ¶¶ 25–26). Underlying Plaintiffs allege that their health continued to worsen, and that it was eventually discovered that the property had dangerously high levels of mold. (*Id.* ¶¶ 27–39). Underlying Plaintiffs brought suit against Defendants in the Eighth District Judicial Court, Clark County, Nevada for their damages, alleging (1) negligence, (2) intentional infliction of emotional distress, (3) breach of contract, (4) breach of implied warranty of habitability, and (5) nuisance (the "Underlying Action"). (*See generally id.*).

ANPAC, Plaintiff in the instant matter, issued three insurance policies to Defendants: (1) Select Business Package Policy to KTP; (2) Tenants Policy to Cathien Nguyen; and (3) Personal Umbrella Policy to Cat-Hein and Huy Nguyen (collectively, the "Policies"). (Compl. ¶ 24). Relevant here, all policies exclude coverage for intentional acts, claims related to mold, and claims for punitive damages. (*Id.* ¶¶ 37–39). Further, the Tenants Policy and Personal Umbrella Policy each exclude coverage for claims arising out of business pursuits and acts in service of a corporation or other organization. (*Id.* ¶¶ 40–41). Notwithstanding these exceptions, Defendants requested that ANPAC provide them with a defense and indemnity in the Underlying Action. (*Id.* ¶ 33). In response, ANPAC issued to Defendants a Reservation of Rights asserting that there is no coverage under the Policies for the claims asserted in the Underlying Action. (*Id.* ¶ 35). Still, consistent with the Reservation of Rights, ANPAC is currently providing a defense to Defendants in the Underlying Action pending the outcome of this action. (*Id.* ¶ 36).

Plaintiff ANPAC now comes before this Court seeking a declaratory judgment asserting: (1) the rights of the parties under the Policies; (2) that ANPAC has no obligations to Defendants under the Policies for any and all claims arising out of the Underlying Action; (3) that ANPAC has no duty to defend Defendants for any actions arising out of the Underlying Action; (4) that ANPAC has no duty indemnify Defendants for any claims arising out of the Underlying Action; (5) that ANPAC is entitled to reimbursement for all defense costs paid for

the Defendants in the Underlying Action; (6) that ANPAC is entitled to attorney's fees and costs resulting from this suit; and (7) that ANPAC is entitled to any other rights or relief as this Court sees fit. (*Id.* 16:24–17:9).

## II. LEGAL STANDARD

### A. Justiciability

The Declaratory Judgment Act ("DJA") states that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). This presents a threshold question for DJA actions of whether a matter for which a party is seeking a declaratory judgment in Federal Court is a case of actual controversy. *See Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005). The requirement that plaintiffs present a case of actual controversy for purposes of the DJA is "identical to Article III's constitutional case or controversy requirement." *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994).

### B. DJA

Once justiciability is established, the DJA grants courts "unique and substantial discretion" in determining whether to hear a case. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 2886 (1995). To guide courts in making this determination, the Supreme Court has laid out the three "*Brillhart* factors": (1) avoidance of needless determination of state law issues; (2) discouragement of the use of declaratory actions as a means of forum shopping; and (3) avoidance of duplicative litigation. *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942). While non-exhaustive, the *Brillhart* factors are intended to prompt consideration of "how judicial economy, comity, and federalism are affected in a given case." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1226 (9th Cir. 1998).

Further, "[i]t is well settled . . . that a declaratory judgment may be refused where it

would serve no useful purpose." *McGraw-Edison Co. v. Preformed Line Prods. Co.*, 362 F.2d 339, 343 (9th Cir. 1966). "Declaratory relief does not serve a useful purpose when 'it is being sought merely to determine issues which are involved in a case already pending and can be properly disposed of therein.'" *Mercer Ins. Co. v. Americana, LLC*, No. 2:21-CV-2039 JCM (NJK), 2022 WL 4584172, at *1 (D. Nev. Sep. 29, 2022) (quoting *McGraw-Edison Co.*, 362 F.2d at 343). A court may therefore "decline to hear a claim for declaratory relief if adjudication of the issues raised in other claims would fully and adequately determine all matters actually in controversy between the parties." *Philips Med. Cap., LLC v. Med. Insights Diagnostics Ctrs., Inc.*, 471 F. Supp. 2d 1035, 1048 (N.D. Cal. 2007).

## III. DISCUSSION

Defendants now move to dismiss ANPAC's request for a declaratory judgment. (*See generally* Mot. Dismiss, ECF No. 19). Defendants ask the Court to decline jurisdiction over this matter under the DJA, and, in the alternative, to stay this case pending resolution of the Underlying Action. (*Id.*) For the reasons discussed below, the Court agrees with Defendants and finds that retaining jurisdiction here is not appropriate under the *Brillhart* factors and their corresponding principles of judicial economy, comity, and federalism.

### A. Justiciability

To address the threshold matter, the Court finds that ANPAC indeed raises an actual controversy under the DJA and Article III. An insurer's action to determine their duty to defend and indemnify an insured in a pending state court case meets this threshold, "even when the underlying liability action has not yet proceeded to judgment." *Alps Prop. & Cas. Ins. Co. v. Levine L. Grp., Inc.*, 646 F. Supp. 3d 1304, 1308 (D. Nev. 2022) (citing *Kearns*, 15 F.3d at 144). The Court finds that the instant case falls squarely within this precedent. ANPAC seeks a declaratory judgment asserting their rights and responsibilities under the Policies and absolving them of any obligations thereunder in the pending Underlying Action. (*See* Compl.

16:24–17:9). Defendants do not contest the justiciability of this declaratory judgment action, and the Court finds no further concerns.

**B. Discretionary Jurisdiction Under the *Brillhart* Factors**

After the Court determines that it *can* adjudicate this matter, next it determines whether it *should*. To do so, the Court analyzes each of the *Brillhart* factors in turn.

**1. Needless Litigation of State-Law Issues**

The first *Brillhart* factor counsels that federal courts should not needlessly involve themselves in state-law issues when there is an adequate alternative remedy in state court. *See R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011) ("[N]eedless determination of state law issues alone may support remand."). "A needless determination of state law may involve: (1) an ongoing parallel state court proceeding regarding the precise state law issue, (2) an area of law Congress expressly left to the states, or (3) a lawsuit with no compelling federal interest." *Rimini St., Inc. v. Hartford Fire Ins. Co.*, No. 2:15-cv-2292-JCM-CWH, 2016 WL 3192709, at *5 (D. Nev. June 6, 2016). The Court finds that each of these three indicia are applicable here.

First, there is an ongoing parallel state court proceeding regarding the precise state law issues presented here. This was true at the filing of the complaint in the instant action. Although ANPAC insists that the issues presented in this action "do not overlap with underlying state court action issues," (Resp. 5:1–2, ECF No. 23), the Court does not see how that could be possible. ANPAC asks the Court to "declare that ANPAC has no obligations under the Policies for any and all claims arising out of the Underlying Action." (Compl. 16:26–27). To make such a declaration would require, at minimum, determining (1) the presence of mold and (2) whether Defendants acted intentionally or in a manner that was extreme and outrageous. (*See* Compl. ¶¶ 37–38). These are some of the key factual questions in dispute in the Underlying Action. (*See generally* Underlying State Compl., Ex. 1 to Resp.).

However, the risk of needless determination of state law involving an ongoing parallel state court proceeding was further heightened after this action was filed. Before filing the instant Motion to Dismiss, Defendants filed a Motion for Leave to File a Third-Party Complaint in the Underlying Action, which sought to incorporate the insurance coverage dispute into the Underlying Action. (*See generally* Mot. Leave File Third-Party Compl., Ex. A to Mot. Dismiss, ECF No. 19). The Court takes judicial notice of the fact that after the instant Motion to Dismiss became ripe, the Eighth Judicial District Court granted the Motion for Leave in the Underlying Action.[1] With the insurance coverage question now before the state court in the Underlying Action,[2] not only are many of the underlying facts of the instant action pending in state court, but so too is the fundamental coverage dispute itself. When an insurer is added as a third-party defendant in an underlying state action, even if it has already filed for a declaratory judgment in federal court under the DJA, the first *Brillhart* factor counsels dismissing the declaratory judgment in favor of allowing the state action to proceed. *See Mercer Ins. Co.*, 2022 WL 4584172, at *2.

The other two considerations in weighing a needless intervention into state law, whether Congress expressly left the issue to the states and whether there is a compelling federal interest, also favor dismissal. Insurance law is an area that Congress has expressly left to the states through the McCarran-Ferguson Act. *See id.* (applying this proposition in the DJA context). ANPAC itself acknowledges that its requested relief is based on state law but insists that this Court should exercise its jurisdiction because it "makes more sense" for this Court to handle the coverage dispute and for the state court to handle the tort matter. (Resp. 3:18–4:2). In support

---

[1] Order Granting Mot. Leave File Third-Party Compl., *Bellinger, et al. v. KTP, LLC et al.*, No. A-24-904963-C (Nev. Dist. Ct. Dec. 18, 2025), Dkt. No. 20. A federal court may take judicial notice of a state court decision. *See In re Clark*, 662 F. App'x 544, 547 n.3 (9th Cir. 2016).

[2] *See* Order Staying Third-Party Defendant's Mot. Dismiss, *Bellinger, et al. v. KTP, LLC et al.*, No. A-24-904963-C (Nev. Dist. Ct. Dec. 18, 2025), Dkt. No. 41 (staying resolution of ANPAC's motion to dismiss in the Underlying Action pending resolution of the instant Motion).

of this proposition, ANPAC (1) inaptly invokes the evidentiary principle against offering proof of insurance to show negligence, (2) conclusorily states that it would be "greatly prejudiced" by proceeding in the Underlying Action without offering further explanation, and (3) states that proceeding with the coverage dispute in the Underlying Action would be costly and time-consuming. (*Id.* 4:6–25). The Court finds the first two of these arguments to be unsupportive: (1) the argued evidentiary principle is irrelevant to deciding the proper forum for hearing the coverage dispute, and (2) ANPAC fails to explain how it would actually be prejudiced by proceeding in the Underlying Action. The Court further finds as to the third argument that the opposite is true; it would be far more costly and time-consuming for argument and discovery on overlapping issues of fact to proceed separately across two court systems than to be consolidated in one.

In sum, the Court finds that due to the existence of a parallel state court proceeding deciding issues of purely state law, a governing area of law that Congress expressly left to states, and the lack of an overriding federal interest, the first *Brillhart* factor weighs strongly in favor of dismissal.

**2. Discouragement of Forum Shopping**

There is a heightened concern of forum shopping when a plaintiff brings a declaratory judgment action under the DJA while a parallel state proceeding involving the same issues and parties is already pending. *See Dizol*, 133 F.3d at 1225 (finding that in such circumstances "there is a presumption that the entire suit should be heard in state court"). Here, however, ANPAC and the issues of policy coverage were only brought before the state court *after* the filing of the instant action. (*See generally* Mot. Leave File Third-Party Compl., Ex. A to Mot. Dismiss). Because there was no overlapping action at the time of filing, the Court finds no evidence of disfavored forum shopping. The Court therefore finds the second *Brillhart* factor to be neutral.

**3. Avoidance of Duplicative Litigation**

For many of the same reasons discussed under the first *Brillhart* factor, the Court finds that the third factor also weighs in favor of dismissal. Foremost, both the parties and the exact coverage dispute in the instant matter are now before the state court as part of the Underlying Action. *See generally id.* The principles of this factor that counsel abstention apply even when an insured is belatedly added to an underlying action as a third party. *See Mercer Ins. Co.*, 2022 WL 4584172, at *2.

Even if the exact coverage dispute were not now before the state court, this factor would still favor abstention because of the substantial issues of overlapping fact between the coverage dispute and the Underlying Action. As discussed above, a determination that ANPAC owes no duties under the Policies would *at least* require determinations regarding the actual presence of mold in the Underlying Plaintiff's property and whether Defendants acted with actual or effective intent. (*See* Section (III)(B)). This would create redundant litigation in federal and state courts of the exact type that is "uneconomical as well as vexatious," as cautioned against in *Brillhart* itself. 316 U.S. at 495. The Court thus finds that the third *Brillhart* factor weights in favor of abstention.

Because the Court finds that on balance the three *Brillhart* factors counsel in favor of abstention, it declines to exercise jurisdiction over Plaintiff's declaratory judgment at this time and GRANTS Defendants' Motion to Dismiss. The Court further DENIES Defendants' alternative Motion to Stay Case as moot.

**IV. <u>CONCLUSION</u>**

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (ECF No. 19), is **GRANTED**.

///

///

**IT IS FURTHER ORDERED** that Defendants' Union's Motion to Stay Case, (ECF No. 20), is **DENIED** as moot.

**IT IS FURTHER ORDERED** that all claims are **DISMISSED without prejudice**.

**DATED** this 29 day of September, 2026.

_______________________________
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT